UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAISON McLEAN,

   Plaintiff,        Case No. 2:13-cv-524
              JUDGE GREGORY L. FROST
   v.           Magistrate Judge Mark R. Abel

BYRIDER SALES OF
INDIANA S, LLC, et al.,

   Defendants.

**OPINION AND ORDER**

   This matter is before the Court for consideration of Defendants' Defendants' motion to dismiss or stay proceedings and to compel arbitration (ECF No. 5), Plaintiff's memorandum in opposition (ECF No. 8), and Defendants' reply memorandum (ECF No. 15).  For the reasons that follow, the Court finds the motion well taken.

**I.  Background**

   The parties generally agree on the core facts relevant to the issue before the Court today. Sometime prior to February 12, 2013, Plaintiff, Jaison McLean, submitted his resume for a management position with Defendant Byrider Sales of Indiana S, LLC, which does business as J.D. Byrider ("Byrider").  Mike Heilmann, a Byrider manager, sent Plaintiff an employment application, which Plaintiff completed and returned.  Plaintiff subsequently interviewed with Defendant Nick Marcelli, another Byrider manager.  After learning that Plaintiff would need to miss work on one Friday each month for the next several years in order to fulfill his Army National Guard obligations, Byrider did not hire Plaintiff.  Plaintiff then filed this lawsuit in the

1

Franklin County Court of Common Pleas on May 14, 2013, and Defendants removed the action to this Court on May 31, 2013. (ECF No. 1.) Via motion, Defendants now seek to dismiss or stay these proceedings and to compel arbitration. (ECF No. 5.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move this Court to dismiss or stay this litigation and to compel arbitration. The Sixth Circuit has explained the inquiry related to such a motion:

> When considering a motion to stay proceedings and compel arbitration under the [Federal Arbitration] Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)).

### B. Analysis

Defendants argue that this Court must dismiss or at least stay the instant action while the parties' dispute proceeds to mandated arbitration. To support this asserted mandate, Defendants direct this Court to the employment application that Plaintiff completed. That application includes the following provision:

> I agree that I will settle any and all claims, disputes, or controversies arising out of or relating to my application or candidacy for employment, term of employment, and cessation of employment with the Company, exclusively by final and binding

> arbitration before a neutral arbitrator. By way of example only, such claims include claims under federal, state, and local statutory or common law, such as sexual harassment, the Age Discrimination and Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, The Americans with Disabilities Act, the law of contract and the law of tort. Complete details of my agreement to submit these claims to arbitration are contained in the Company's Employee Dispute Resolution Plan, which is available for my review upon my request.

(ECF. No. 5-1, at Page ID # 40.) Plaintiff electronically signed and dated the application immediately below the section containing this arbitration provision.

A threshold issue implicit in the arbitration question is whether the matter of whether Plaintiff's claims must proceed to arbitration is even properly before this Court. The United States Supreme Court has explained that

> a gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. *See* [*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-46 (1995)] (holding that a court should decide whether the arbitration contract bound parties who did not sign the agreement); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546-547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (holding that a court should decide whether an arbitration agreement survived a corporate merger and bound the resulting corporation). Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court. See, *e.g., AT & T Technologies, supra,* at 651-652, 106 S.Ct. 1415 (holding that a court should decide whether a labor-management layoff controversy falls within the arbitration clause of a collective-bargaining agreement); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241-243, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) (holding that a court should decide whether a clause providing for arbitration of various "grievances" covers claims for damages for breach of a no-strike agreement).

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). *See also Stout*, 228 F.3d at 714 ("When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue."). Thus, whether a party's claims are subject to arbitration is indeed for this Court, while the issue of whether a party has satisfied the

prerequisites to arbitration is a matter for the arbitrator. *Howsam*, 537 U.S. at 84 (stating that " ' "procedural" questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide" (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)) and that "the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.' " (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-25 (1983))). *See also United Steelworkers of Am., AFL-CIO-CLC, v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 419-20 (6th Cir. 2007).

Having concluded that this Court can address the arbitration dispute, the Court now turns to the parties' debate over the effect of the arbitration provision and the four factors involved in the mandated inquiry. The first factor is whether the parties agreed to arbitrate. Defendants argue that Plaintiff agreed to arbitrate when he submitted online his employment application to Byrider. Plaintiff presents three basic arguments that target whether the application formed an enforceable agreement to arbitrate.

Plaintiff argues that there is no agreement to arbitrate here because there was insufficient consideration to create a binding contract to arbitrate. Plaintiff also argues that there was insufficient mutual obligations between himself and Defendants. Finally, Plaintiff suggests that there are issues of fact regarding whether he assented to all of the material terms of the arbitration provision. None of these arguments are persuasive.

First, to the extent this Court will inquire into the consideration issue, the Court concludes there is sufficient consideration. *See Butcher v. Bally Total Fitness Corp.*, No. 81593, 2003-Ohio-1734, 2003 WL 1785027, at *5 (Ohio 8th Dist. Ct. App. Apr. 3, 2003) (citing federal

4

law in stating that "[g]enerally, the court does not inquire into the adequacy of consideration to support the contract"). The express terms of Byrider's Employee Dispute Resolution Plan–the arbitration scheme referenced in the arbitration provision of the employment application–provide that "[t]he promises contained by the Company and the Employee to arbitrate their differences, rather than litigate them before courts of other bodies, provide consideration to one another." (ECF No. 15-1, at Page ID # 113.) More is not required; for example, under Ohio law, a company's offer of employment is sufficient legal consideration to support the contract. *Butcher*, 2003-Ohio-1734, 2003 WL 1785027, at *5.

Second, sufficient mutual obligations exist. Byrider's Employee Dispute Resolution Plan imposes upon *both* an applicant and the company the binding duty to arbitrate. (ECF No. 15-1, at Page ID # 109.)

Third, there are no genuine issues of fact precluding compelling arbitration. Plaintiff electronically signed the application, which told him not to sign it until he read it, understood it, and agreed to it. (ECF No. 5-1, at Page ID # 40.) This is important because, as the Sixth Circuit has explained in construing Ohio law,

> the law is . . . clear that [a plaintiff] cannot be excused from complying with the arbitration provision if it simply failed properly to read the contract. *See ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 692 N.E.2d 574, 579 (1998) (" 'A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.' ") (citation omitted); [*Haskins v. Prudential Ins. Co. of Am.*, 230 F.3d 231, 239 (6th Cir. 2000)] (holding that, even in the Title VII context, the parties are "chargeable with the knowledge of the terms contained in the contract"). Morever, [a plaintiff] is not excused from the arbitration provision just because it appears in a separate document from the rest of the contract. *See Blanchard Valley Farmers Coop., Inc. v. Rossman*, 145 Ohio App.3d 132, 761 N.E.2d 1156, 1162 (2001) (noting that "[w]hen documents are incorporated by reference into a document, they are to be read as though they are restated in the

5

>contract"); *Haskins*, 230 F.3d at 239, 241 (incorporating, by reference, the rules of the National Association of Securities Dealers).
>
>Taken together, these two points establish the general rule that " 'one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions.' " *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) (citing *Allied Steel & Conveyors, Inc. v. Ford Motor Co.*, 277 F.2d 907, 913 (6th Cir. 1960)), *cert. denied,* 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001); *see also Pippin v. M.A. Hauser Enters., Inc.*, 111 Ohio App.3d 557, 676 N.E.2d 932, 937 (1996) (noting that "[a] person who signs a contract without making a reasonable effort to know its contents cannot, in the absence of fraud or mutual mistake, avoid the effect of the contract").

*Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1016 (6th Cir. 2003). *See also Butcher*, 2003-Ohio-1734, 2003 WL 1785027, at *5 (rejecting an argument that a plaintiff's failure to inform himself about the agreement he has signed does not hold him to that agreement). Thus, that Plaintiff may not have availed himself of the opportunity to examine Byrider's incorporated Employee Dispute Resolution Plan or to appreciate its operation cannot now work to his benefit.

Even if the Court so concludes that the arbitration provision is valid, Plaintiff asserts that Defendants cannot rely upon it because the agreement expired on May 14, 2013, ninety days after he submitted his employment application. The basis for this argument is the application provision that states that "[t]his application is considered current for 90 days only." (ECF No. 5-1, at Page ID # 37.) Assuming *arguendo* that the arbitration agreement is of such limited duration, the 90-day provision does not afford Plaintiff the escape from arbitration that he seeks. This is because Plaintiff signed his application on February 13, 2013, and then filed his lawsuit in the Franklin County Court of Common Pleas on May 14, 2013, *within the 90-day period*. The fact that Defendants did not seek to compel arbitration until two weeks after the period expired is

6

immaterial.  Plaintiff did what he agreed not to do within the applicable period, and he is bound by that decision.

Finally, Plaintiff argues that even if the arbitration provision is otherwise enforceable, it does not reach his claims against Marcelli.  It is indeed true that Marcelli did not sign the arbitration agreement.  It is also true that he did not need to do so in order to fall within its scope as a result of his status as an agent of Byrider.  *See Arnold v. Arnold Corp. – Printed Commc'ns for Bus.*, 920 F.2d 1269, 1281 (6th Cir. 1990) (holding that nonsignatories of arbitration agreements can fall under an agreement under ordinary contract and agency principles).  The Court therefore answers the first factor, whether the parties agreed to arbitrate, in the affirmative as to *all* the parties in this case.

The second factor in need of discussion is the scope of the arbitration agreement.  Defendants argue that the arbitration provision at issue encompasses Plaintiff's two claims, one for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311, and one for violation of Ohio Revised Code § 4112.02.  They note that the arbitration provisions covers "any and all claims, disputes, or controversies arising out of or relating to [Plaintiff's] application or candidacy for employment."  (ECF. No. 5-1, at Page ID # 40.)  Both of Plaintiff's claims arise out of his application for employment.

The third factor is whether Congress intended Plaintiff's federal statutory claim under USERRA to be nonarbitrable.  Defendants correctly note that the Sixth Circuit has explained that USERRA claims may be subject to mandatory arbitration.  *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 562-63 (6th Cir. 2008).  The court of appeals was not ambiguous in its concise holding: "USERRA claims are arbitrable." *Id.* at 563.

The fourth factor necessitates considering, if this Court concludes that some, but not all, of the claims in the action are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration.  This factor does not present an issue.  As noted in connection with the preceding factor, Plaintiff's USERRA claim is subject to arbitration.  Similarly, his § 4112.02 state law claim is subject to arbitration.  See *Butcher*, 2003-Ohio-1734, 2003 WL 1785027, at *3 (listing § 4112.02 as one of several claims held to fall under arbitration agreement).  Because there is no claim asserted that is not arbitrable, there is no portion of the case that could be stayed pending arbitration.  Thus, all of the factors support mandated arbitration here.

Plaintiff asks that if this Court determines that arbitration is appropriate, the Court then stay this litigation.  But " '[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."  *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).  This Court agrees and in its discretion elects to dismiss the action.

## III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss or stay proceedings and to compel arbitration.  (ECF No. 5.)  This case is dismissed with prejudice.  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE